UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| FRANCIS J. DAUSCHA, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:13-cv-50-HSM-SKL |
| | ) | |
| UP COMMUNICATIONS SERVICES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is a motion to intervene, filed by the Chapter 13 Trustee, C. Kenneth Still ("the Trustee") [Doc. 34]. The Trustee seeks to intervene as a plaintiff in this matter, because he is the duly acting Chapter 13 Bankruptcy Trustee in the bankruptcy case filed by Plaintiff Francis J. Dauscha, III ("Plaintiff"). Plaintiff's former employer, identified as Defendant UP Communications Services LLC ("Defendant"), opposes intervention by the Trustee [Doc. 36].

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's complaint and amended complaint allege he was wrongfully terminated from his employment with Defendant on April 10, 2012 [Doc. 1 & 30]. It is undisputed that Plaintiff filed for bankruptcy relief on March 25, 2013. Plaintiff filed his original complaint on May 31, 2013, seeking damages from Defendant for alleged violations of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, and the Tennessee Human Rights Act. The Trustee "became aware of [Plaintiff's] complaint in late September 2013 outside of the official bankruptcy court record by counsel of [Plaintiff]. [The Trustee] never received notice of Defendant's Motion to Dismiss." [Doc. 38 at Page ID # 280].

Plaintiff moved to stay the proceedings in this matter on September 23, 2013, in order to allow time for the Trustee to determine whether he would attempt to take over Plaintiff's claims [Doc. 32]. On September 24, 2013, the Court granted the motion to stay for a period of thirty days [Doc. 33] to allow time for the Trustee to determine his course of action. The Trustee filed a motion to intervene on October 18, 2013 [Doc. 34], along with a proposed intervening complaint [Doc. 34-1]. Defendant filed a response in opposition to the Trustee's motion to intervene [Doc. 36], and Trustee filed a reply brief in support of the intervention [Doc. 38]. Plaintiff has not responded to the motion to intervene.

## II.     STANDARD

Rule 24 of the Federal Rules of Civil Procedure provides intervention may be either of right or permissive. Rule 24(a), which governs intervention of right, provides:

> On timely motion, the court must permit anyone to intervene who: (1) has a right to intervene when the party is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Rule 24(b) governs permissive intervention, stating "the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Thus, the court must grant an intervention if the requirements of Rule 24(a) are met, but it is in the court's discretion whether to grant a permissive intervention under Rule 24(b).

There are four requirements for intervention of right:

> (1) the application for intervention must be timely; (2) the applicant must have a substantial, legal interest in the subject matter of the pending litigation; (3) the applicant's ability to protect that interest must be impaired; and (4) the present parties do not adequately represent the applicant's interest.

*Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989) (citing *Triax Co. v. TRW Inc.*, 724 F.2d 1224, 1227 (6th Cir. 1984)). If the proposed intervenor fails to meet any of the requirements, then intervention of right is not applicable. *Id.* The first factor, timeliness, is considered with regard to five sub-factors:

> (1) the point to which the suit has progressed; (2) the purpose for which the intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances mitigating against or in favor of intervention.

*Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 862 (6th Cir. 2000) (citing *Grubbs*, 870 F.2d at 345) (finding that a motion to intervene was not timely where the potential intervenor filed its motion after final judgment was entered in the matter, even though the potential intervenor long knew of its interest in the outcome).

### III. ANALYSIS

The parties put the proverbial "cart before the horse" in this case by failing to address Rule 24. The Trustee's motion to intervene in this case appears to fall under Rule 24(a)(2) as the Trustee satisfies each of the factors required for intervention of right. First, the Trustee's motion is timely. The case has not progressed to a point at which a final judgment has been entered. Although a motion to dismiss has been filed, no response has been filed due to the stay, and the Court has not entered judgment on the matter. Further, in a case similar to the present case, the

3

Sixth Circuit held that a debtor's "failure to disclose his claims does not bar the trustee from pursuing them," even where summary judgment had already been granted. *See Stephenson v. Malloy*, 700 F.3d 265, 272 (6th Cir. 2012). Further, the length of time between when *the Trustee* learned of the suit and the Trustee's motion to intervene is short, as the Trustee only learned of this action in late September and filed the motion to intervene on October 18, 2013. Thus, the application for intervention is timely.

Second, the Trustee has a clear interest in the subject matter of the pending litigation, as the litigation itself is property of the bankruptcy estate. The Trustee's "paramount duty is to conserve and advance the interests of the estate entrusted to him." *Meyer Goldberg, Inc. of Lorain v. Goldberg*, 717 F.2d 290, 293 (6th Cir. 1983) (quoting 2A *Collier on Bankruptcy* § 743 (1978)). The Trustee has a substantial, legal interest in the subject matter of the pending litigation, as the trustee must protect the property of the estate, which includes legal claims that accrued before Plaintiff filed his bankruptcy petition. *Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012) (citing 11 U.S.C. § 541(a)(1)).

Regarding the third and fourth requirements for intervention as a matter of right, the Trustee's interest in protecting the property of the estate can only be furthered if the Trustee is made a participant in the suit, as the property at issue is the cause of action itself. Plaintiff likely has different interests than the Trustee, and no argument has been presented to suggest Plaintiff could adequately represent the Trustee's interests in this matter. Thus, all four of the requirements for intervention as of right are met. Furthermore, even if the Trustee's intervention did not meet the requirements for intervention of right as found above, the Court would exercise its discretion to grant the Trustee's intervention under Rule 24(b) given the circumstances.

4

Case 4:13-cv-00050-HSM-SKL   Document 39   Filed 12/06/13   Page 4 of 6   PageID #: 304

Although Defendant does not address the Rule 24 factors, it did argue the Trustee's motion should be denied for a variety of reasons such as judicial estoppel, the pending motion to dismiss, Plaintiff's lack of standing, and the statute of limitations. Most of Defendant's arguments appear to fall outside of the proper scope of Rule 24, and Defendant has cited no Sixth Circuit authority supporting a futility exception to the issue of whether the Trustee may intervene. Indeed, "such an exception to intervention as of right would likely contradict the Sixth Circuit's expansive intervention doctrine, a doctrine that does not require an intervenor to have standing to initiate its own lawsuit or even 'a specific legal or equitable interest' in the case." *Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, No. 11-13101, 2012 WL 1598154, at *4 (E.D. Mich. May 7, 2012) (citing *Mich. State AFL-CIO v. Miller,* 103 F.3d 1240, 1245 (6th Cir. 1997)).

Defendant also argues the Trustee cannot intervene after a motion to dismiss has been filed citing several cases from the Middle District of Tennessee, but these cases are not binding on this Court. Further, the cases did not focus on intervention by a bankruptcy trustee, but rather focused on when a plaintiff's claim is judicially estopped in cases where the bankruptcy trustee did not attempt to intervene. Defendant also cites to *Kimberlin v. Dollar General Corp.*, 520 F. App'x 312 (6th Cir. 2013), which upheld the judicial estoppel of the plaintiff's claims for failure to disclose the claim to the bankruptcy court or the trustee. The bankruptcy trustee in *Kimberlin*, however, had not moved to intervene.

Defendant relies heavily on *Feist v. Consolidated Freightways Corp.*, 100 F. Supp. 2d 273 (E.D. Penn. 1999), which held that the plaintiff could not substitute the trustee as the real party in interest after the defendant had filed a motion to dismiss on grounds of judicial estoppel. *Feist* may be on point, but it is not binding and it appears to be contrary to Sixth Circuit law. *See*

5

*Stephenson*, 700 F.3d at 272-73 (holding that a debtor's "failure to disclose his claims does not bar the trustee from pursuing them," even after summary judgment had been granted); *see also Auday*, 698 F.3d at 905 (quoting *Biesek v. Soo Line R. Co.*, 440 F.3d 410, (7th Cir. 2006)) ("Judicial estoppel is an equitable doctrine, and using it to land another blow on the victims of bankruptcy fraud is not an equitable application.").

## IV. CONCLUSION

For the reasons outlined above, the Trustee's motion to intervene [Doc. 34] is hereby **GRANTED**. The Trustee shall file his intervening complaint **within seven days** of the entry of this Order. This Order does not address the merits of Defendant's arguments other than with respect to whether those arguments prevent intervention by the Trustee at this stage of the case. Thus, Defendant is able to pursue its augments concerning such issues as judicial estoppel, statutes of limitation, and standing via the proper filing of an appropriate motion if it chooses to do so once the intervening complaint is filed.

SO ORDERED.

ENTER:

                                                    s/ *Susan K. Lee*
                                                    SUSAN K. LEE
                                                    UNITED STATES MAGISTRATE JUDGE